Veras-Hernandez v. Sessions

BIA
Straus, IJ
A206 781 552

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of July, two thousand eighteen.

PRESENT:
JOHN M. WALKER, JR.,
RICHARD C. WESLEY,
SUSAN L. CARNEY,
        *Circuit Judges.*

_____

WANDER ELIEZER VERAS-HERNANDEZ,
AKA TITO LOPEZ, AKA WANDER
VERAS-HERNANDEZ, AKA WANBER
VERAS HERNANDEZ,
        *Petitioner,*

        v.                                     16-3850
                                               NAC

JEFFERSON B. SESSIONS III,
UNITED STATES ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:          Jon E. Jessen, Law Offices of Jon E. Jessen, LLC, Stamford, CT.

FOR RESPONDENT:          Chad A. Readler, Acting Assistant Attorney General; Derek C. Julius, Assistant Director; W. Daniel Shieh, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Wander Eliezer Veras-Hernandez, a native and citizen of the Dominican Republic, seeks review of an October 14, 2016 decision of the BIA affirming a March 17, 2016 decision of an Immigration Judge ("IJ") denying Veras-Hernandez's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Wander Eliezer Veras-Hernandez,* No. A 206 781 552 (B.I.A. Oct. 14, 2016), *aff'g* No. A 206 781 552 (Immig. Ct. Hartford Mar. 17, 2016). We assume the parties' familiarity with the underlying facts and procedural history in this case, to which we refer only as necessary to explain our decision to deny the petition for review.

Under the circumstances of this case, we review the IJ's decision as modified by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). Accordingly, we do not reach Veras-Hernandez's challenges to the IJ's "particularly serious crime" determination: the

2

BIA did not review or rely on that determination. *See id.* Moreover, Veras-Hernandez was ordered removed for, *inter alia*, committing a controlled substance offense and aggravated felony, *see* Certified Administrative Record ("CAR") at 435, and conceded removability on these grounds, *see* CAR at 408. Our review is therefore limited to constitutional claims and questions of law. *See* 8 U.S.C. § 1252(a)(2)(C), (D); *Gil v. Sessions*, 851 F.3d 184, 186 n.1 (2d Cir. 2017).

**I. Withholding of Removal**

An applicant seeking withholding of removal must establish that his "life or freedom would be threatened . . . because of [his] race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1231(b)(3)(A). Veras-Hernandez defines the "particular social group" of which he is part as small business owners who are unable to pay money they owe to "loan sharks."[1] The agency concluded that the evidence failed to show that the proposed group of

---

[1] Veras-Hernandez characterizes the private creditors to whom he owed money as "loan sharks"; the IJ also employed this term to describe the creditors. Veras-Hernandez testified that the creditors charged interest rates between fifty and seventy percent. *See* CAR 116.

3

debtors is perceived as socially distinct within Dominican society. We review de novo the determination of whether a group constitutes a "particular social group" within the meaning of the statute. *See Paloka v. Holder*, 762 F.3d 191, 195 (2d Cir. 2014).

To constitute a "particular social group," a group must be: "(1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question." *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014). "[A] particular social group cannot be defined exclusively by the claimed persecution . . . . [I]t must be recognizable as a discrete group by others in the society, and . . . it must have well-defined boundaries." *Id.* at 232 (internal quotation marks omitted); *see also id.* at 242.

The BIA did not err in concluding that Veras-Hernandez's proposed social group is not cognizable. Veras-Hernandez failed to establish that small business owners who owed money to such creditors are perceived as distinct by Dominican society. He presented no evidence that small business owners are at greater risk of harm in

4

the Dominican Republic than any other person who defaults on a payment to a creditor who lends at very high rates. *See Ucelo-Gomez v. Mukasey*, 509 F.3d 70, 73 (2d Cir. 2007) ("When the harm visited upon members of a group is attributable to the incentives presented to ordinary criminals rather than to persecution, the scales are tipped away from considering those people a 'particular social group . . . .'").

**II. CAT Relief**

For withholding or deferral of removal under the CAT, Veras-Hernandez was required to establish that he would "more likely than not" be tortured. 8 C.F.R. § 1208.16(c)(2). For CAT purposes, torture is defined as "any act by which severe pain or suffering, whether physical or mental, is intentionally inflicted on a person," *Pierre v. Gonzales*, 502 F.3d 109, 114 (2d Cir. 2007) (quoting 8 C.F.R. § 208.18(a)(1)), when such acts are "committed by or acquiesced in by government actors," *Pierre*, 502 F.3d at 118 (emphasis omitted). "A *private* actor's behavior can constitute torture under the CAT without a government's specific intent to inflict it if a government official is aware of the persecutor's conduct

5

and intent and acquiesces in violation of the official's duty to intervene." *Id.* at 118 (citing *Khouzam v. Ashcroft*, 361 F.3d 161, 171 (2d Cir. 2004)).

Veras-Hernandez's only claim of legal error is that the BIA should have reviewed the IJ's dismissal of his CAT claim de novo. We disagree: the IJ's findings regarding the likelihood of torture and of acquiescence by the government are factual findings that the BIA reviews for clear error. *See* 8 C.F.R. § 1003.1(d)(3)(i); *Hui Lin Huang v. Holder*, 677 F.3d 130, 134 (2d Cir. 2012).

Veras-Hernandez identifies no other legal challenges to the agency's denial of CAT relief; he argues only that the agency's likelihood of torture and acquiescence determinations are not supported by substantial evidence—a factual challenge. We lack jurisdiction to review the agency's factual determinations regarding the likelihood of torture or acquiescence by government officials because Veras-Hernandez was ordered removed for a controlled substance offense and aggravated felony. 8 U.S.C. § 1252(a)(2)(C), (D).

                         *    *    *

6

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                              FOR THE COURT:
                              Catherine O'Hagan Wolfe,
                              Clerk of Court